UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EVERETT A. BURNETT,

        Plaintiff,

v.                               CASE NO. 08-13848
                                  HONORABLE DENISE PAGE HOOD

THOMAS BELL, *et al.*,

        Defendants.
_____/

## ORDER OF DISMISSAL

      On September 8, 2008, Plaintiff Everett A. Burnett, a state prisoner in custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint and an application for leave to proceed without prepayment of the filing fee for this action. The complaint alleged that Plaintiff was denied a kosher diet and placed in a school where he was deprived of the special help he needed.

      A preliminary check of federal court records revealed that at least three of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. *See Burnett v. Mich. Dep't of Corr.*, No. 2:03-cv-00193 (W.D. Mich. Oct. 14, 2003)(Quist, J.); *Burnett v. Scoville*, No. 2:03-cv-00150 (W.D. Mich. Aug. 11, 2003)(Quist, J.); *Burnett v. Bd. of Health of State of Mich.*, No. 2:03-cv-00146 (W.D. Mich. Aug. 4, 2003)(Quist, J.). Consequently, on November 24, 2008, United States Magistrate Judge R. Steven Whalen ordered Plaintiff to show cause why he should not be required to prepay the filing fee for this action pursuant to 28 U.S.C.

§ 1915(g).[1] Magistrate Judge Whalen warned Plaintiff that failure to comply with his order within thirty days could result in the dismissal of this action.

On the same day that Magistrate Judge Whalen signed his order, the Court received a confusing letter from Plaintiff. The letter is addressed to the Clerk of Court and appears to complain about the appointment of a patent attorney to assist Plaintiff. This Court has not appointed counsel for Plaintiff in this case, and the Court believes that Plaintiff may have intended to file his letter in another pending case of his, because an attachment to his letter is addressed to his attorney in that case. *See Burnett v. Mich. Dep't of Corr., et al.,* No. 08-11764 (E.D. Mich. 2008). In any event, neither Plaintiff's letter to the Clerk of Court, nor his complaint, demonstrate that Plaintiff is in "imminent danger of serious physical injury." Furthermore, Plaintiff has not paid the filing fee for this action, nor submitted any additional correspondence to the Court. Accordingly, his complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
Dated: January 29, 2009      UNITED STATES DISTRICT JUDGE

---

[1] This subsection of the *in forma pauperis* statute is "now popularly known as the 'three strikes' provision." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). It reads as follows:

> **(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The literal language of this statute "forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson*, 148 F.3d at 602.